IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **Stephen Kneer,** )<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Dr. Stairs, et al.,** )<br>**Defendants.** ) | 1:15cv619 (TSE/IDD) |

MEMORANDUM OPINION & ORDER

Stephen Kneer, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants showed deliberate indifference to his serious medical needs at Riverside Regional Jail ("Riverside"). Defendants, Nurse Glenn Wise and Medication Aide Sonja L. Rives, have now filed a Motion for Summary Judgment, as well as a memorandum of law and supporting exhibits.[1] Dkt. Nos. 34-35. Plaintiff was given the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an unverified response.[2] Dkt. No. 41. For the reasons that follow, defendants' Motion for Summary Judgment must be granted.

---

[1] By Order dated February 2, 2016, defendants Nurse Hudgens and Dr. Stairs were sent a Notice of Lawsuit and Waiver of Service of Summons. Dkt. No. 13. In addition, plaintiff was notified that, if the court was unable to effect service on any defendant within 120 days of the complaint being filed, that defendant would be dismissed without prejudice. Id. The Waivers of Service of Summons sent to these defendants were returned to the court unexecuted because they no longer work for the medical care provider at Riverside. Dkt. No. 16. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, these defendants must be dismissed because the court was unable to effect service on these defendants within 120 days of the complaint being filed.

[2] In the Roseboro notice, plaintiff was informed that he "must set forth [his] version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury)."

## I.

The following facts are undisputed.[3] Plaintiff arrived at Riverside on February 27, 2015, and was seen by the medical staff for an initial screening. Defs. MSJ at Ex. B. Plaintiff indicated that he had diabetes. Id. "On February 28, 2015, medication orders were entered to address [plaintiff's] other reported complaints." Id. at Ex. A. "On mid-afternoon of March 2, 2015, orders were entered for [plaintiff] to be administered Humalog insulin four times a day beginning at [10 pm] that evening, and Lantus insulin at bedtime." Id. On March 4, 2015, a physician changed plaintiff's insulin intake so that he was to "receive regular insulin, per sliding scale protocol, three times a day," twenty units of NPH insulin at 5 am, and fifteen units of NPH insulin at 4 pm. Id.

Plaintiff's medical records disclose the following:

- Defendant Rives first saw plaintiff on March 2, 2015, at 7 pm and there is no record that plaintiff asked her to test his blood sugar levels or that she refused to do so.[4]

- On March 3, 2015, plaintiff did not show up to medical call[5] at 5 am, and he was given 6 units of Humalog insulin at 11 am, 4 units of Humalog insulin at 4 pm, and 9 units of Humalog insulin at 8 pm.

---

[3] The facts set out here are derived from defendants' memorandum of law in support of their Motion for Summary Judgment, as well as from the attached exhibits. As previously stated, plaintiff has not filed any affidavits or declarations in opposition to the Motion for Summary Judgment nor has he filed any verified statements of his allegations. See Fed. R. Civ. P. 56. In addition, the facts are limited to the allegations against defendants Wise and Rives even though plaintiff's complaint includes allegations of actions taken by unnamed members of the medical staff.

[4] Rives is not authorized to prescribe insulin. Id.

[5] Plaintiff did not receive insulin if he did not show up to medical call.

- On March 4, 2015, plaintiff was given 4 units of Humalog insulin at 5 am, he did not show up at medical call at 11 am, and he was given 10 units of regular insulin and 15 units of NPH insulin at 4 pm.

- On March 5, 2015, plaintiff did not show up to medical call at 5 am, he was given 8 units of regular insulin at 11 am, and he received no regular insulin (based on his blood sugar level of 154[6]) and 15 units of NPH insulin at 4 pm.

- On March 6, 2015, plaintiff did not show up to medical call at 5 am, he was given 6 units of regular insulin at 11 am, and he was given 6 units of regular insulin and 15 units of NPH insulin at 4 pm.

- On March 7, 2015, plaintiff did not show up to medical call at 5 am and 11 am. At 4 pm that day Rives found plaintiff's blood glucose level was 226. Rives gave plaintiff 4 units of regular insulin and 15 units of NPH insulin.

- Between March 8, 2015, and April 3, 2015, plaintiff received regular insulin and NPH insulin, as prescribed, except for when he did not show up to medical call, which occurred almost every day at 5 am, nine days at 11 am, and five days at 4 pm. Plaintiff also did not receive insulin on three occasions when he reported to medical call but refused to have his blood glucose levels tested.

- On April 4, 2015, plaintiff did not report to medical call at 5 am. Later, plaintiff complained to Wise of an allergic reaction because he claimed that he was given NPH insulin instead of regular insulin at 11 am that day. Rives informed Wise that she gave plaintiff regular insulin at 11 am, as reflected in plaintiff's medical records. Specifically,

---

[6] "A normal blood sugar level is anywhere from 70-80 to 100-130 ...." Defs. MSJ at Ex. A.

3

plaintiff's medical records indicate that, on April 4, 2015, at 11 am, plaintiff's blood glucose level was 366 and Rives gave plaintiff 10 units of regular insulin. The medical records also disclose that at 4 pm the same day, plaintiff's blood sugar level was 301 and Rives gave plaintiff 8 units of regular insulin and 15 units of NPH insulin. In addition, even if plaintiff had been "given NPH insulin for his [11 am] dose, this would not have caused any kind of reaction because [plaintiff] had been taking NPH insulin in conjunction with regular insulin for approximately one month." Defs. MSJ at Ex. A. Wise's neurological examination of plaintiff was negative. Id. Plaintiff was monitored for one hour and not provided any medication. Id.

- Between April 5, 2015, and May 9, 2015, plaintiff received insulin, as prescribed, except for when he did not show up to medical call.
- On May 9, 2015, Wise and Rivas did not work at Riverside.
- On May 10 and 11, 2015 plaintiff was given Lantus insulin.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law,

the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

To prevail on a claim for deliberate indifference that rises to an Eighth Amendment violation, plaintiff must establish facts sufficient to show that a jail official was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must establish two distinct elements to state a claim upon which relief can be granted. First, he must show a sufficiently serious medical need. See, e.g., Hall v. Holsmith, 340 Fed. App'x 944, 947 & n.3 (4th Cir. 2009) (holding that flu-like symptoms did not constitute a serious medical need); Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet

wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious).

Second, plaintiff must establish that the defendant acted with deliberate indifference to his serious medical need. To act with deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, a plaintiff must demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (recognized in Sharpe v. S. Carolina Dep't of Corr., 621 F. App'x 732, 733 (4th Cir. 2015) as overruled on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994)); see also Daniels v. Williams, 474 U.S. 327, 328 (1986). In other words, a plaintiff must show that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id.

The record establishes that defendants were not deliberately indifferent to plaintiff's diabetes. Plaintiff claims that defendants were deliberately indifferent to his serious medical need when (i) Rives allegedly refused to test his blood glucose levels on March 2, 2015, (ii) Rives allegedly refused to provide him with "Type R insulin (Humilin)" on March 7, 2015, (iii) he had a possible allergic reaction to receiving the wrong insulin on April 4, 2015, and (iv) Wise allegedly lost the insulin plaintiff's wife dropped off at Riverside on May 9, 2015. However, plaintiff's allegations are contradicted by his medical records. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

As to plaintiff's first claim, his medical records do not reflect that he asked Rives to test his blood glucose levels on March 2, 2015. In addition, although plaintiff was prescribed insulin on March 2, 2015, it was not set to begin until 10 pm that day. Therefore, when Rives saw plaintiff at 7 pm, she was not authorized to provide insulin to plaintiff, nor was she authorized to prescribe insulin. Accordingly, Rives was not deliberately indifferent to plaintiff's serious medical need on March 2, 2015.

As to plaintiff's second claim, his medical records contradict his allegations that he was not given insulin on March 7, 2015. In fact, his medical records disclose that he did not show up to medical call at 5 am and 11 am on March 7, 2015, but that at 4 pm Rives gave plaintiff 4 units of regular insulin and 15 units of NPH insulin. Plaintiff may not have agreed with this treatment or may not have been properly informed of the medications he was receiving, however, that is insufficient to establish that Rives was deliberately indifferent to his serious medical need on March 7, 2015.

Plaintiff's medical records also disclose that he was given the proper insulin on April 4, 2015. Specifically, on April 4, 2015, plaintiff did not report to medical call at 5 am. At 11 am that day, plaintiff's blood glucose level was 366 and Rives gave plaintiff 10 units of regular insulin. At 4 pm, plaintiff's blood glucose level was 301 and Rives gave plaintiff 8 units of regular insulin and 15 units of NPH insulin. Plaintiff may not have been properly informed of the medications he was receiving, but again, that is insufficient to establish that Rives was deliberately indifferent to plaintiff's medical need as she provided plaintiff with the prescribed amounts of insulin on April 4, 2015. In addition, even if plaintiff had been given the wrong insulin, he suffered no allergic reaction.

Finally, the record contradicts plaintiff's fourth claim. Wise could not have received Lantus insulin from plaintiff's wife on May 9, 2015, because Wise was not working at Riverside that day. In fact, the records do not disclose that Wise ever received a prescription from plaintiff's wife. In addition, plaintiff was given Lantus insulin on May 10 and 11, 2015.

Accordingly, the undisputed facts establish that defendants did not act with deliberate indifference to plaintiff's diabetes. He was treated for diabetes from at least from March 2, 2015, to May 11, 2015, the time period in question, to the extent plaintiff reported to medical call. Plaintiff may not have agreed with the treatment he was receiving or may not have been properly informed of the medications he was receiving, however, that is insufficient to establish that defendants acted so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Miltier, 896 F.2d at 851. On the other hand, diabetes is a serious disease and must be treated accordingly. The record does not disclose whether plaintiff's medical problems were a result of inadequate attention to his diabetes or plaintiff's failure to attend medical call. Regardless, diabetes must be properly monitored and treated, as failure to do so can have serious consequences for prisoner patients.

Because defendants' did not act with deliberate indifference, their Motion for Summary Judgment must be granted. Accordingly, defendants Nurse Hudgens and Dr. Stairs are DISMISSED from this civil matter, without prejudice pursuant to Fed. R. Civ. P. 4(m), and defendants Nurse Wise and Medication Aide Rivas's Motion for Summary Judgment (Dkt. No. 34) is GRANTED, and it is hereby

ORDERED that judgment be and is entered in favor of Defendants Wise and Rivas.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter final judgment in favor of defendants Glenn Wise and Sonja L. Rives, pursuant to Fed. R. Civ. P. 58, to send a copy of this Order to plaintiff and to counsel of record for defendants, and to close this civil action.

Entered this _14th_ day of _February_ 2017.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge